```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
DAVIDOFF HUTCHER & CITRON LLP,                                   :
                                                                 :
                              Plaintiff,                         :
                                                                 :        20-cv-8752 (LJL)
              -v-                                                :
                                                                 :        MEMORANDUM OPINION
KARA DIPIETRO & H.M.C. INC.,                                     :        & ORDER
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

     Plaintiff Davidoff, Hutcher & Citron LLP ("DHC") seeks to proceed pro se in this fee dispute litigation represented by the partner involved in the dispute. Dkt. No. 12.

     Section 1654 of Title 28 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. "[S]ave in a few aberrant cases, the lower courts have uniformly held that [Section 1654] . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (citing cases). In particular, the Second Circuit has held that Section 1654 does not permit a corporation, a partnership, or even a sole member limited liability company to appear in court other than through a licensed attorney. *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983). Under those precedents, DHC can appear only "by counsel, as, by the rules of [this Court], . . . are permitted to manage and conduct causes []herein." 28 U.S.C. § 1654.

     The principal case cited by DHC, *Theobald v. Botein, Hays, Sklar & Hertzberg*, 465 F. Supp. 609 (S.D.N.Y. 1979), is not to the contrary. That case involved a motion to disqualify a member of a law firm from also representing his firm in a dispute without violating the ethical rules against a witness also serving as lawyer. The court denied the disqualification motion. That problem would seem to be addressed here by the language of Rule 3.7 of the New York Rules of Professional Conduct which provides an exception to the lawyer-witness rule where "the testimony relates solely to the nature of value of legal services rendered in the matter." Rule 3.7(a)(2). Besides the parties have agreed to a 1-day bench trial, if it gets to that, and there thus is no risk that "the trier of fact may be confused by a lawyer's serving as both advocate and witness." Roy D. Simon Jr., *Simon's New York Rules of Professional Conduct Annotated*, Rule 3.7 cmt. 2 (2020).

     The point would seem to be semantic here. Mr. Krakowsky, who has filed the letter on behalf of DHC and signed papers on behalf of it, represents he is a member of the Bar of this

Court and is licensed to practice here.  But, even if the difference between Mr. Krakowsky representing DHC pro se and Mr. Krakowsky representing DHC appears to be technical here, the principle is of more general import: aside from the lawyer-witness rationale, a representative who is not appearing as counsel for the party may "lack[] many of the attorney's ethical responsibilities, e.g., to avoid litigating unfounded or vexatious claims."  *Niagara Transp.*, 722 F.2d at 22.  If the Court permitted DHC to proceed pro se here through its partner, there appears to be no limiting principle that would preclude a law firm from appearing pro se through a representative in a case where the lawyer-witness rule would be implicated or—depending on the vagaries of the partnership and LLC agreement and the evolving rules regarding non-lawyer ownership of law firm—by appearing through a representative who is not licensed to practice law and, in particular, not licensed to practice in this Court either as a member of the bar of this Court or through a pro hac vice motion.

The question then is what the Court is to do.  The Court concludes that it need do nothing in the matter other than to direct DHC to remove from its pleadings going forward the notation "Plaintiff Pro Se."  As noted, the lawyer signing the complaint on behalf of DHC is a member in good standing of the bar of this Court.  The docket lists him as the "Attorney To Be Noticed."  The complaint was properly filed then, even if the designation as "Plaintiff Pro Se" is improper.  Defendant has not objected to Mr. Krakowsky appearing as counsel for DHC.  Mr. Krakowsky, and any attorney appearing on behalf of DHC, will be held to the standards and ethical responsibilities expected and required of members of the Bar.  The Court has no question that counsel is willing to and will satisfy those responsibilities.  If counsel were not prepared to accept those responsibilities, he could always withdraw, in which case DHC would have to secure some other counsel qualified and permitted to appear in this Court.

SO ORDERED.

Dated: January 4, 2021
       New York, New York

LEWIS J. LIMAN
United States District Judge